UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIRECT INVESTMENT PARTNERS AG,

                                    Plaintiff,

                     -against-

CERBERUS GLOBAL INVESTMENTS, LLC,
CERBERUS CAPITAL MANAGEMENT, L.P.,
CERBERUS PARTNERS, L.P., and CERBERUS
GLOBAL INVESTMENT ADVISORS, LLC,

                                Defendants.

07 Civ. 3310 (LLS) (RLE)

FILED VIA ECF

**DEFENDANT CERBERUS
GLOBAL INVESTMENTS, LLC'S
ANSWER, AFFIRMATIVE
DEFENSES AND JURY DEMAND**

---

        Defendant Cerberus Global Investments, LLC ("Cerberus Global"), by way of Answer to the Complaint ("Complaint") filed by plaintiff, Direct Investment Partners AG ("Plaintiff" or "Direct"), says as follows:

## PRELIMINARY STATEMENT

        Direct's action has no merit whatsoever. Cerberus Global denies that it entered into any contract with Direct, that Direct "introduced" Cerberus Global to debis AirFinance B.V. ("dAF"), or that Direct had anything at all to do with the acquisition of dAF by Cerberus-related entities. Direct is not entitled to any fees from Cerberus Global in connection with the dAF transaction. This action should be dismissed with prejudice.

## JURISDICTION

        1.      Cerberus Global denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiff purports to invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1332.

2.      The allegations contained in paragraph 2 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 2 of the Complaint.

3.      Cerberus Global denies that it entered into any contract with Plaintiff or that it consented in any way to the exclusive jurisdiction of New York state or federal courts to resolve this dispute.  The remaining allegations contained in paragraph 3 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the remaining allegations contained in paragraph 3 of the Complaint.

## THE PARTIES

4.      Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Cerberus Global admits the allegations in paragraph 6 of the Complaint.

7.      Cerberus Global admits the allegations in paragraph 7 of the Complaint.

8.      Cerberus Global admits the allegations in paragraph 8 of the Complaint.

9.      Cerberus Global admits the allegations in paragraph 9 of the Complaint.

10.    Cerberus Global admits that Cerberus Capital Management, L.P. ("Cerberus Capital") is one of the world's leading private investment firms that specializes in providing both financial resources and operational expertise to help transform undervalued companies into industry leaders for long term success and value creation.  Cerberus Global further admits that Cerberus Capital and affiliated entities have participated in corporate

acquisitions and investment transactions valued in the billions of dollars. Cerberus Global denies the remaining allegations in paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

11.     Cerberus Global denies that it entered into a contract of any kind with Direct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.

12.     Cerberus Global denies the allegations in paragraph 12 of the Complaint, except admits that in 2002 it was interested in locating profitable investment opportunities in Germany.

13.     Cerberus Global denies the allegations in paragraph 13 of the Complaint, except admits that Frank Bruno was the President of Cerberus Global in December 2002 and that Mr. Bruno has communicated with Roman Koidl.

14.     To the extent the allegations contained in paragraph 14 of the Complaint purport to characterize an alleged December 10, 2002 email, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint.

15.     Cerberus Global denies the allegations in paragraph 15 of the Complaint, except admits that Frank Bruno had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

16.     To the extent the allegations contained in paragraph 16 of the Complaint purport to characterize an alleged list of "certain potential Cerberus investment opportunities in

Germany," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 16 of the Complaint, except admits that David Teitelbaum had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

17.     Cerberus Global denies the allegations in paragraph 17 of the Complaint, except admits that David Teitelbaum had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

18.     Cerberus Global denies the allegations in paragraph 18 of the Complaint, except admits that David Teitelbaum had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

19.     Cerberus Global denies the allegations in paragraph 19 of the Complaint, except admits that David Teitelbaum had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

20.     Cerberus Global denies the allegations in paragraph 20 of the Complaint.

21.     To the extent the allegations contained in paragraph 21 of the Complaint purport to characterize an alleged December 26, 2002 email, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 21 of the Complaint, except admits that David Teitelbaum

had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

22.    To the extent the allegations contained in paragraph 22 of the Complaint purport to characterize an alleged December 26, 2002 email, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Direct "accepted," and denies the remaining allegations in paragraph 22 of the Complaint.

23.    To the extent the allegations contained in paragraph 23 of the Complaint purport to characterize an alleged December 20, 2002 email, an alleged December 26, 2002 email and an alleged draft agreement prepared by Cerberus's lawyers, the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global admits that it expressed an intent not to be bound to any contract with Direct until a formal, mutually acceptable written contract was executed by both parties, and that a draft agreement was prepared and sent to Koidl for review. Cerberus Global denies that any contract was ever formed between the parties, and denies the remaining allegations in paragraph 23 of the Complaint.

24.    Cerberus Global denies the allegations in paragraph 24 of the Complaint, except admits that David Teitelbaum and Frank Bruno had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

25.    To the extent the allegations contained in paragraph 25 of the Complaint purport to characterize an alleged December 26, 2002 email, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global denies that

any contract was ever formed between the parties, and denies the remaining allegations in paragraph 25 of the Complaint.

26.     To the extent the allegations contained in paragraph 26 of the Complaint purport to characterize an alleged December 26, 2002 email, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies that any contract was ever formed between the parties, and denies the remaining allegations in paragraph 26 of the Complaint.

27.     Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Cerberus Global denies the allegations in paragraph 28 of the Complaint, and further states that no contract was ever formed between Cerberus Global and Direct precisely because the parties were unable to reach a meeting of the minds on the material terms of such an agreement.

29.     Cerberus Global denies the allegations in paragraph 29 of the Complaint, except admits that David Teitelbaum had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

30.     Cerberus Global denies the allegations in paragraph 30 of the Complaint.

31.     To the extent the allegations contained in paragraph 31 of the Complaint purport to characterize an alleged December 30, 2002 email, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 31 of the Complaint, except admits that David Teitelbaum

had discussions with Roman Koidl in late 2002 about a potential business relationship but that no contract between the parties ever resulted from those discussions.

32.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning alleged "investigat[ion]" activities conducted by Direct.  Cerberus Global denies that the parties reached agreement on the terms of a contract, and denies the remaining allegations in paragraph 32 of the Complaint.

33.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Koidl's activities.  Cerberus Global denies the remaining allegations in paragraph 33 of the Complaint.

34.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Direct's activities.  Cerberus Global denies the remaining allegations in Paragraph 34 of the Complaint.

35.    To the extent the allegations contained in paragraph 35 of the Complaint purport to characterize an alleged January 2003 draft "Consulting Agreement," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global denies the remaining allegations in paragraph 35 of the Complaint, except admits that a draft Consulting Agreement that reflected the contractual terms to which Cerberus Global was willing to agree was presented to Direct, and that Direct rejected the proposed draft.

36.    To the extent the allegations contained in paragraph 36 of the Complaint purport to characterize an alleged January 2003 draft "Consulting Agreement," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global denies the remaining allegations in paragraph 36 of the Complaint, except

admits that a draft Consulting Agreement that reflected the contractual terms to which Cerberus Global was willing to agree was presented to Direct, and that Direct rejected the proposed draft.

37.    To the extent the allegations contained in paragraph 37 of the Complaint purport to characterize an alleged February 10, 2003 draft "Consulting Agreement," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 37 of the Complaint, except admits that Direct proposed a revised draft Consulting Agreement that radically modified material terms of the earlier draft in ways that were totally unacceptable to Cerberus Global, and that Cerberus Global rejected Direct's revised draft and terminated further negotiations with Direct.

38.    To the extent the allegations contained in paragraph 38 of the Complaint purport to characterize an alleged February 10, 2003 draft "Consulting Agreement," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 38 of the Complaint, and states that Direct proposed a revised draft Consulting Agreement that radically modified material terms of the earlier draft in ways that were totally unacceptable to Cerberus Global, and that Cerberus Global rejected Direct's revised draft and terminated further negotiations with Direct.

39.    Cerberus Global denies the allegations in paragraph 39 of the Complaint.

40.    Cerberus Global denies the allegations in paragraph 40 of the Complaint.

41.    Cerberus Global denies the allegations in paragraph 41 of the Complaint.

42.    To the extent the allegations contained in paragraph 42 of the Complaint purport to characterize an alleged December 26, 2002 email, a January 2003 draft "Consulting

Agreement" and a February 10, 2003 draft "Consulting Agreement," the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 42 of the Complaint, except admits that a draft Consulting Agreement that reflected the contractual terms to which Cerberus Global was willing to agree was presented to Direct, and that Direct rejected the proposed draft.  Cerberus Global further admits that Direct proposed a revised draft Consulting Agreement that radically modified material terms of the earlier draft in ways that were totally unacceptable to Cerberus Global, and that Cerberus Global rejected Direct's revised draft and terminated further negotiations with Direct.

43.     Cerberus Global denies the allegations in paragraph 43 of the Complaint, and further states that no contract was ever formed between the parties because it was unable to reach a meeting of the minds with Direct concerning the material terms of an agreement.

44.     Cerberus Global denies the allegations in paragraph 44 of the Complaint.

45.     To the extent the allegations contained in paragraph 45 of the Complaint purport to characterize an alleged January 2003 draft "Consulting Agreement" and a February 10, 2003 draft "Consulting Agreement," the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 45 of the Complaint, except admits that a draft Consulting Agreement that reflected the contractual terms to which Cerberus Global was willing to agree was presented to Direct, and that Direct rejected the proposed draft.  Cerberus Global further admits that Direct proposed a revised draft Consulting Agreement that radically modified material terms of the earlier draft in ways that were totally unacceptable to Cerberus Global, and that Cerberus Global rejected Direct's revised draft and terminated further negotiations with Direct.  Cerberus Global

further states that no contract was ever formed between the parties, and denies that it "ratified" any alleged "business relationship" with Direct.

      46.    Cerberus Global denies the allegations in paragraph 46 of the Complaint.

      47.    Cerberus Global denies the allegations in paragraph 47 of the Complaint.

      48.    Cerberus Global denies the allegations in paragraph 48 of the Complaint, and further states that no contract was ever formed between the parties because it was unable to reach a meeting of the minds with Direct concerning the material terms of an agreement.

      49.    Cerberus Global denies the allegations in paragraph 49 of the Complaint, and further states that no contract was ever formed between the parties because it was unable to reach a meeting of the minds with Direct concerning the material terms of an agreement.

      50.    Cerberus Global denies the allegations in paragraph 50 of the Complaint, and further states that no contract was ever formed between the parties because it was unable to reach a meeting of the minds with Direct concerning the material terms of an agreement.

      51.    Cerberus Global denies the allegations in paragraph 51 of the Complaint, and further states that no contract was ever formed between the parties because it was unable to reach a meeting of the minds with Direct concerning the material terms of an agreement.

      52.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Direct's activities. Cerberus Global denies that it had a contract with Direct, and denies the remaining allegations in paragraph 52 of the Complaint.

      53.    To the extent the allegations contained in paragraph 53 of the Complaint purport to characterize an alleged March 6, 2003 written communication, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus

Global denies that it "acknowledged" the existence of any contract with Direct, and denies the remaining allegations in paragraph 53 of the Complaint.

54.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.    To the extent the allegations contained in paragraph 55 of the Complaint purport to characterize an alleged March 12, 2003 written communication from Mr. Bruno, a December 30, 2002 email, a January 2003 draft "Consulting Agreement" and a February 10, 2003 draft "Consulting Agreement," the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global denies that it had a contract with Direct, and denies the remaining allegations in paragraph 55 of the Complaint.

56.    The allegations contained in paragraph 56 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 56 of the Complaint. Cerberus Global denies that it entered into a contract with Direct.

57.    The allegations contained in paragraph 57 of the Complaint concerning Mr. Teitelbaum's authority are statements and/or legal conclusions to which no response is required. To the extent a response is necessary, Cerberus Global denies those allegations. Cerberus Global admits that, because it never entered into a contract with Direct, Mr. Bruno had no reason to challenge Mr. Teitelbaum's authority in that regard.

58.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.    Cerberus Global denies the allegations in paragraph 59 of the Complaint.

60.    Cerberus Global denies the allegations in paragraph 60 of the Complaint.

61.    Cerberus Global denies the allegations in paragraph 61 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU.

62.    Cerberus Global denies the allegations in paragraph 62 of the Complaint.

63.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.    Cerberus Global admits that it did not participate in a telephone conference with Dr. Deville on April 9, 2003, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the Complaint.

65.    Cerberus Global denies the allegations in paragraph 65 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU and that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

66.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.    Cerberus Global denies the allegations in paragraph 68 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU.

69.    Cerberus Global denies the allegations in paragraph 69 of the Complaint, except admits that Cerberus Global eventually explored a potential transaction with the IRU

called "Project Phoenix" that was never consummated. Cerberus Global denies that the IRU's loan to or interest in dAF was included in the portfolio of assets that the IRU was considering selling to Cerberus-related entities in connection with Project Phoenix.

70.     Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Cerberus Global denies the allegations in paragraph 71 of the Complaint, except admits that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

72.     To the extent the allegations contained in paragraph 72 of the Complaint purport to characterize an alleged November 10, 2003 letter from Mr. Bruno, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global denies the remaining allegations in paragraph 72 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU and that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

73.     Cerberus Global denies the allegations in paragraph 73 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU and that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

74.     Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what occurred during the alleged April 14, 2003 meeting with Dr. Deville. Cerberus Global denies the remaining allegations in paragraph 74 of the Complaint, except admits that Cerberus Global was interested in pursuing an

-13-

investment in connection with the IRU and that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

75.    To the extent the allegations contained in paragraph 75 of the Complaint purport to characterize an alleged "letter of introduction to IRU" or alleged drafts thereof, the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 75 of the Complaint.

76.    To the extent the allegations contained in paragraph 76 of the Complaint purport to characterize an alleged April 15, 2003 letter or alleged drafts thereof, the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith. Cerberus Global denies the remaining allegations in paragraph 76 of the Complaint, and specifically denies that it had a contract with Direct or that it "confirm[ed]" or "acknowledge[ed]" such a contract.

77.    To the extent the allegations contained in paragraph 77 of the Complaint purport to characterize an alleged April 15, 2003 letter, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies that it "engaged" Direct or had a contract with that entity, or that it ever "admitted" the existence of such a contract.  Cerberus Global denies the remaining allegations in paragraph 77 of the Complaint, except admits that it was interested in identifying profitable investment opportunities in Germany during 2003.

78.    Cerberus Global denies the allegations in paragraph 78 of the Complaint.

79.    Cerberus Global denies the allegations in paragraph 79 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with

the IRU and that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

80.    Cerberus Global denies the allegations in paragraph 80 of the Complaint, except admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix and that Mr. Koidl attended at least one of those meetings.

81.    Cerberus Global denies the allegations in paragraph 81 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU and that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix.

82.    To the extent the allegations contained in paragraph 82 of the Complaint purport to characterize an alleged "list of some of the investment opportunities being worked on by Mr. Koidl," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 82 of the Complaint, and specifically denies that it had a contract with Direct.

83.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Direct was "aware" of.  Cerberus Global admits that it never executed the Consulting Agreement because it was unable to reach a meeting of the minds with Direct concerning the material terms of an agreement.  Cerberus Global denies the remaining allegations in paragraph 83 of the Complaint.

84.    To the extent the allegations contained in paragraph 84 of the Complaint purport to characterize an alleged "letter to Metro Holdings," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global lacks

knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Direct "work[ed] on."  Cerberus Global denies the remaining allegations in paragraph 84 of the Complaint, and specifically denies that it had a contract with Direct.

85.    Cerberus Global denies the allegations in paragraph 85 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU, that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix and that Mr. Koidl attended at least one of those meetings.

86.    Cerberus Global denies the allegations in paragraph 86 of the Complaint, except admits that Cerberus Global learned that the IRU intended to divest Dresdner Bank of certain assets and investments.

87.    Cerberus Global denies the allegations in paragraph 87 of the Complaint.

88.    Cerberus Global denies the allegations in paragraph 88 of the Complaint, except admits that Cerberus Global was interested in pursuing an investment in connection with the IRU and that representatives of Cerberus Global and Mr. Koidl had discussions about the IRU during 2003.

89.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Direct's activities.  Cerberus Global denies the remaining allegations in paragraph 89 of the Complaint.

90.    Cerberus Global denies the allegations in paragraph 90 of the Complaint, except admits that Cerberus Global had discussions with the IRU during 2003 and early 2004 concerning Project Phoenix.

91.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Koidl's activities, his alleged communications with Dr. Vera Bloemer and Herbert Walter, and the alleged statements by Mr. Walter. Cerberus Global denies the remaining allegations in paragraph 91 of the Complaint.

92.    Cerberus Global denies the allegations in paragraph 92 of the Complaint, except admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix.

93.    Cerberus Global admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix and that Mr. Koidl attended at least one of those meetings. Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the Complaint.

94.    Cerberus Global denies the allegations in paragraph 94 of the Complaint, except admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix and that Mr. Koidl attended at least one of those meetings.

95.    To the extent the allegations contained in paragraph 95 of the Complaint purport to characterize an alleged "confidentiality agreement," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.

96.    Cerberus Global denies the allegations in paragraph 96 of the Complaint, except admits that Cerberus Global representatives met with, and otherwise communicated with, officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix.

97.     Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Mr. Koidl "learned."  Cerberus Global denies the remaining allegations in paragraph 97 of the Complaint, except admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix and that Mr. Wiegand now works for a Cerberus-related entity.

98.     Cerberus Global denies the allegations in paragraph 98 of the Complaint, except admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix.

99.     Cerberus Global denies the allegations in paragraph 99 of the Complaint, except admits that Cerberus Global representatives met with, and otherwise communicated with, officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix.

100.     Cerberus Global denies the allegations in paragraph 100 of the Complaint, except admits that Cerberus Global was not the winning bidder for the Project Phoenix transaction.

101.     Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning "sensitivities" and "cultural knowledge." Cerberus Global denies the remaining allegations in paragraph 101 of the Complaint.

102.     Cerberus Global denies the allegations in paragraph 102 of the Complaint.

103.     Cerberus Global denies the allegations in paragraph 103 of the Complaint.

104.     Cerberus Global denies the allegations in paragraph 104 of the Complaint.

105.     Cerberus Global denies the allegations in paragraph 105 of the Complaint.

106.     Cerberus Global denies the allegations in paragraph 106 of the Complaint.

107.     Cerberus Global denies the allegations in paragraph 107 of the Complaint.

108.    Cerberus Global denies the allegations in paragraph 108 of the Complaint, except admits that Cerberus Global representatives met with officials of Dresdner and the IRU on several occasions during 2003 to discuss Project Phoenix.

109.    Cerberus Global denies the allegations in paragraph 109 of the Complaint.

110.    Cerberus Global denies the allegations in paragraph 110 of the Complaint.

111.    Cerberus Global denies the allegations in paragraph 111 of the Complaint.

112.    Cerberus Global denies the allegations in paragraph 112 of the Complaint, except admits that Cerberus-related entities acquired dAF in April 2005, that Mr. Koidl was not connected to that transaction in any way and that he did not perform any services which in any way contributed to that transaction or caused it to occur.

113.    Cerberus Global denies the allegations in paragraph 113 of the Complaint.

114.    Cerberus Global denies the allegations in paragraph 114 of the Complaint, and specifically denies that Cerberus Global had any contract with Direct.

115.    Cerberus Global denies the allegations in paragraph 115 of the Complaint, and specifically denies that Cerberus Global had any contract with Direct.

116.    Cerberus Global denies the allegations in paragraph 116 of the Complaint, except admits that Cerberus-related entities negotiated with dAF's largest shareholder, DaimlerChrysler, and its representatives concerning the acquisition of dAF, that Cerberus-related entities acquired dAF in April 2005, that Mr. Koidl was not connected to that transaction in any way and that he did not perform any services which in any way contributed to that transaction or caused it to occur.

117.    Cerberus Global denies the allegations in paragraph 117 of the Complaint, except admits that Cerberus-related entities acquired dAF in April 2005. Cerberus Global refers

the Court to the relevant contracts and related documents concerning this transaction for their true and accurate terms. To the extent the allegations in this paragraph are directed against parties other than Cerberus Global, no response from Cerberus Global is required.

118. Cerberus Global denies the allegations in paragraph 118 of the Complaint, except admits that Cerberus-related entities acquired dAF in April 2005. Cerberus Global refers the Court to the relevant contracts and related documents concerning this transaction for their true and accurate terms. To the extent the allegations in this paragraph are directed against parties other than Cerberus Global, no response from Cerberus Global is required.

119. Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120. Cerberus Global admits that dAF's financial and operational performance improved following its recapitalization as a result of the April 2005 acquisition. Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 of the Complaint.

121. Cerberus Global admits the allegations in paragraph 121 of the Complaint.

122. Cerberus Global admits that AerCap completed an initial public offering of shares in November 2006. Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning AerCap's "value" and how its "equity was valued by investors." Cerberus Global denies the remaining allegations in paragraph 122 of the Complaint.

123. Cerberus Global admits that Cerberus-related entities sold shares they held in AerCap to the public in connection with AerCap's initial public offering. Cerberus Global denies the remaining allegations in paragraph 123 of the Complaint. To the extent the

allegations in this paragraph are directed against parties other than Cerberus Global, no response from Cerberus Global is required.

124.    Cerberus Global denies the allegations in paragraph 124 of the Complaint.

125.    Cerberus Global denies the allegations in paragraph 125 of the Complaint.

126.    To the extent the allegations contained in paragraph 126 of the Complaint purport to characterize an alleged, unsigned draft "Consulting Agreement," the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the existence of any contract with Direct.  Cerberus Global admits that Direct has demanded payment of fees to which it is not entitled, that Cerberus Global owes no amounts whatsoever to Direct and that, accordingly, it has refused to pay.  The remaining allegations of the Complaint are directed to parties other than Cerberus Global, and no response from Cerberus Global is required.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

127.    Cerberus Global repeats its above responses to the allegations contained in paragraphs 1 through 126 of the Complaint as if more fully set forth herein.

128.    Cerberus Global denies the allegations in paragraph 128 of the Complaint.

129.    Cerberus Global denies the allegations in paragraph 129 of the Complaint.

130.    To the extent the allegations contained in paragraph 130 of the Complaint purport to characterize an alleged December 26, 2002 email and an alleged December 29, 2002 email, the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the existence of any contract with Direct, and denies the remaining allegations in paragraph 130 of the Complaint.

131.     The allegations contained in paragraph 131 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 131 of the Complaint. Cerberus Global denies that it ever intended to be bound to a contract with Direct, and denies that any such contract was ever formed.

132.     To the extent the allegations contained in paragraph 132 of the Complaint purport to characterize an alleged, unsigned February 10, 2003 draft Consulting Agreement, the document speaks for itself, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the existence of any contract with Direct, denies that it "confirmed," "ratified," "acknowledged" or "partially performed" any such contract, and denies the remaining allegations in paragraph 132 of the Complaint.

133.     Cerberus Global denies the allegations in paragraph 133 of the Complaint.

134.     Cerberus Global denies the allegations in paragraph 134 of the Complaint.

135.     Cerberus Global denies the allegations in paragraph 135 of the Complaint.

136.     Cerberus Global denies the allegations in paragraph 136 of the Complaint.

137.     Cerberus Global denies the allegations in paragraph 137 of the Complaint.

138.     Cerberus Global denies the allegations in paragraph 138 of the Complaint, except admits that during 2003 Cerberus Global was interested in pursuing the Project Phoenix transaction with the IRU, which did not include dAF.

139.     The allegations in paragraph 139 are too vague and incomprehensible to permit the formulation of a response.  To the extent a response is required, Cerberus Global denies the allegations in paragraph 139 of the Complaint.

140.      Cerberus Global denies the allegations in paragraph 140 of the Complaint.

141.    Cerberus Global denies the existence of a contract with Direct.  Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 of the Complaint.

142.    Cerberus Global denies the allegations in paragraph 142 of the Complaint.

143.    Cerberus Global denies the allegations in paragraph 143 of the Complaint.

144.    Cerberus Global denies the allegations in paragraph 144 of the Complaint.

145.    Cerberus Global denies the allegations in paragraph 145 of the Complaint.

146.    Cerberus Global denies the allegations in paragraph 146 of the Complaint.

147.    Cerberus Global denies the allegations in paragraph 147 of the Complaint.

148.    Cerberus Global denies the allegations in paragraph 148 of the Complaint.

149.    Cerberus Global denies the allegations in paragraph 149 of the Complaint.

150.    Cerberus Global denies the allegations in paragraph 150 of the Complaint.

151.    Cerberus Global denies the existence of a contract with Direct.  Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 of the Complaint.

152.    The allegations contained in paragraph 152 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 152 of the Complaint. Cerberus Global denies that it ever intended to be bound to a contract with Direct, denies that any such contract was ever formed, and denies that it ever rendered "performance" under a non-existent contract.

153.    Cerberus Global denies the allegations in paragraph 153 of the Complaint, except that Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Direct purportedly "relied" on.

154.    Cerberus Global denies the allegations in paragraph 154 of the Complaint.

155.    Cerberus Global denies the allegations in paragraph 155 of the Complaint.

156.    Cerberus Global denies the allegations in paragraph 156 of the Complaint.

157.    Cerberus Global denies the allegations in paragraph 157 of the Complaint.

158.    Cerberus Global denies the allegations in paragraph 158 of the Complaint.

159.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Complaint.

## SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

160.    Cerberus Global repeats its above responses to the allegations contained in paragraphs 1 through 159 of the Complaint as if more fully set forth herein.

161.    The allegations contained in paragraph 161 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 161 of the Complaint.  Cerberus Global denies the existence of any contract with Direct.

162.    Cerberus Global denies the allegations in paragraph 162 of the Complaint.

163.    Cerberus Global denies the allegations in paragraph 163 of the Complaint.

164.    Cerberus Global denies the allegations in paragraph 164 of the Complaint, and denies the existence of any contract with Direct.

165.    Cerberus Global denies the allegations in paragraph 165 of the Complaint.

166.    Cerberus Global denies the allegations in paragraph 166 of the Complaint.

167.   Cerberus Global denies the allegations in paragraph 167 of the Complaint.

168.   Cerberus Global denies the allegations in paragraph 168 of the Complaint.

169.   Cerberus Global denies the allegations in paragraph 169 of the Complaint.

170.   Cerberus Global denies the allegations in paragraph 170 of the Complaint.

171.   Cerberus Global denies the allegations in paragraph 171 of the Complaint, and denies the existence of any contract with Direct.

172.   Cerberus Global denies the allegations in paragraph 172 of the Complaint.

173.   Cerberus Global denies the allegations in paragraph 173 of the Complaint, and denies the existence of any contract with Direct.

174.   Cerberus Global denies the allegations in paragraph 174 of the Complaint, and denies the existence of any contract with Direct.

175.   Cerberus Global denies the allegations in paragraph 175 of the Complaint.

### THIRD CAUSE OF ACTION
### FRAUD

176-193.   In its Opinion and Order dated February 7, 2008, the Court dismissed Count Three of the Complaint.  Accordingly, no response to the allegations contained in paragraphs 176 through 193 of the Complaint is required.

### FOURTH CAUSE OF ACTION
### DECLARATORY JUDGMENT

194.   Cerberus Global repeats its above responses to the allegations contained in paragraphs 1 through 193 of the Complaint as if more fully set forth herein.

195.   The allegations contained in paragraph 195 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 195 of the Complaint.

196.    The allegations contained in paragraph 196 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 196 of the Complaint.

197.    The allegations contained in paragraph 197 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 197 of the Complaint.

198.    The allegations contained in paragraph 198 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 198 of the Complaint.

### FIFTH CAUSE OF ACTION
### PROMISSORY & EQUITABLE ESTOPPEL

199.    Cerberus Global repeats its above responses to the allegations contained in paragraphs 1 through 198 of the Complaint as if more fully set forth herein.

200.    To the extent the allegations contained in paragraph 200 of the Complaint purport to characterize an alleged December 26, 2002 email and an alleged, unsigned January 25, 2003 draft Consulting Agreement, the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 200 of the Complaint.

201.    Cerberus Global denies the allegations in paragraph 201 of the Complaint.

202.    To the extent the allegations contained in paragraph 202 of the Complaint purport to characterize an alleged December 26, 2002 email and an alleged, unsigned January 25, 2003 draft Consulting Agreement, the documents speak for themselves, and Cerberus Global denies any characterization inconsistent therewith.  Cerberus Global denies the remaining allegations in paragraph 202 of the Complaint.

203.    Cerberus Global denies the allegations in paragraph 203 of the Complaint.

204.    Cerberus Global denies the allegations in paragraph 204 of the Complaint, except that Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Koidl's "considerable effort" and what other "opportunities" Mr. Koidl supposedly "gave up."

205.    Cerberus Global denies the allegations in paragraph 205 of the Complaint. To the extent any of those allegations are statements and/or legal conclusions, no response is required (and they are, in any event, denied).

206.    Cerberus Global denies the allegations in paragraph 206 of the Complaint.

207.    Cerberus Global denies the allegations in paragraph 207 of the Complaint.

208.    Cerberus Global denies the allegations in paragraph 208 of the Complaint. To the extent any of those allegations are statements and/or legal conclusions, no response is required (and they are, in any event, denied).

## SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT

209.    Cerberus Global repeats its above responses to the allegations contained in paragraphs 1 through 208 of the Complaint as if more fully set forth herein.

210.    Cerberus Global denies the allegations in paragraph 210 of the Complaint. To the extent any of those allegations are statements and/or legal conclusions, no response is required (and they are, in any event, denied).

211.    Cerberus Global denies the allegations in paragraph 211 of the Complaint.

212.    Cerberus Global denies the allegations in paragraph 212 of the Complaint.

213.    Cerberus Global denies the allegations in paragraph 213 of the Complaint. To the extent any of those allegations are statements and/or legal conclusions, no response is required (and they are, in any event, denied).

214.    Cerberus Global denies the allegations in paragraph 214 of the Complaint. To the extent any of those allegations are statements and/or legal conclusions, no response is required (and they are, in any event, denied).

**SEVENTH CAUSE OF ACTION**
**QUANTUM MERUIT**

215.    Cerberus Global repeats its above responses to the allegations contained in paragraphs 1 through 214 of the Complaint as if more fully set forth herein.

216.    Cerberus Global denies the allegations in paragraph 216 of the Complaint. To the extent any of those allegations are statements and/or legal conclusions, no response is required (and they are, in any event, denied).

217.    Cerberus Global denies the allegations in paragraph 217 of the Complaint.

218.    Cerberus Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the Complaint.

219.    Cerberus Global denies the allegations in paragraph 219 of the Complaint.

220.    The allegations contained in paragraph 220 of the Complaint are statements and/or legal conclusions to which no response is required.  To the extent a response is necessary, Cerberus Global denies the allegations contained in paragraph 220 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

All of Plaintiff's claims are barred by the statute of frauds.

## SECOND AFFIRMATIVE DEFENSE

No contract between the parties was ever formed because Cerberus Global expressed an intent not to be bound absent execution of a written contract acceptable to both parties. No such contract was ever executed and, in any event, the parties never reached a meeting of the minds on the material terms of an agreement.

## THIRD AFFIRMATIVE DEFENSE

The contacts that led to the dAF transaction were totally unrelated to Dresdner Bank, the IRU or any contacts that Cerberus Global may have had with those two entities in connection with Project Phoenix.  Plaintiff was not connected in any way to the dAF transaction. Moreover, Plaintiff did not perform any services that in any way caused, or even contributed to, the consummation of the dAF acquisition.  In fact, the services of a different consultant were necessary to complete that transaction.

## FOURTH AFFIRMATIVE DEFENSE

The dAF transaction was an auction-type transaction in which Cerberus-related entities were required to compete with other bidders on the basis of price.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims are barred by failure of consideration, failure of performance by Plaintiff and failure of condition precedent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's contention that it had an express contract with Cerberus Global bars its claims sounding in implied contract or quasi-contract, including promissory and equitable

estoppel, unjust enrichment and quantum meruit.  At the very least, Plaintiff must elect which theory to pursue.

## EIGHTH AFFIRMATIVE DEFENSE

There is no ripe dispute that would permit entry of a declaratory judgment.

## NINTH AFFIRMATIVE DEFENSE

Any losses alleged by the Plaintiff were not caused by any fault, act, or omission by Cerberus Global.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff conferred no benefit on Cerberus Global that would support a claim for unjust enrichment or quantum meruit.

## ELEVENTH AFFIRMATIVE DEFENSE

Cerberus Global at all times acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

Cerberus Global reserves the right to assert any additional defenses that may arise in the course of discovery or at trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Cerberus Global Investments, LLC prays for relief as follows:

a.    Dismissing the Complaint with prejudice;

b.    Awarding Defendant attorneys' fees and other costs of defense; and

c.    Granting such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Cerberus Global Investments, LLC hereby demands trial by jury with respect to all issues so triable.

Dated:  February 29, 2008

**LOWENSTEIN SANDLER PC**

By: _s/ Lawrence M. Rolnick_____
Lawrence M. Rolnick (LR-0546)
Thomas E. Redburn, Jr. (TR-3902)
1251 Avenue of the Americas
18th Floor
New York, New York 10020
Tel: 212.262.6700
Fax: 212.262.7402
-and-
65 Livingston Avenue
Roseland, New Jersey
Tel: 973.597.2500
Fax: 973.597.2400

*Attorneys for Defendants Cerberus Global Investments, LLC, Cerberus Capital Management, L.P., Cerberus Partners, L.P., and Cerberus Global Investment Advisors, LLC*